

**FILED & ENTERED**

NOV 08 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum         DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>WLADIMIR JOHN KLIMENKO,<br><br>                     Debtor.<br><br>ROSENDO GONZALEZ,<br>                     Plaintiff,<br>  vs.<br><br>WLADIMIR JOHN KLIMENKO,<br>                     Defendant. | Case No.  2:16-bk-25444-RK<br><br>Chapter 7<br><br>Adv. No.  2:17-ap-01556-RK<br><br>**SEPARATE STATEMENT OF DECISION ON DENIAL OF DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT**<br><br>Date:    October 23, 2018<br>Time:    2:30 p.m.<br>Place:  Courtroom 1675<br>Roybal Federal Building<br>255 East Temple Street<br>Los Angeles, California |

     By separate order, the court denies the motion of Defendant Wladimir Klimenko to set aside default judgment in this adversary proceeding.  The court denies the motion for the reasons stated on the record at the hearing on the motion on October 23, 2018 and in its tentative ruling issued on the motion and posted on the court's website before the hearing.  The court makes this separate statement of decision to place the tentative

ruling on the case docket by attaching a copy of the tentative ruling hereto.

The court agrees with the reasons set forth in Plaintiff trustee's opposition to the motion that the motion lacks merit under the factors set forth in *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984) that: (1) Defendant's culpable conduct led to the default because Defendant had actual knowledge of his deadline to timely respond to the complaint and let the deadline knowingly and intentionally pass because Defendant benefitted from multiple stipulations to extend the deadline and he was warned by counsel for Plaintiff trustee that trustee was not willing to extend the deadline in light of Defendant's willful disobedience of the court's turnover order, Opposition, filed on October 9, 2018, at 11 and Exhibit 4 attached thereto; and (2) Defendant has no meritorious defense to the complaint that he acquired property of the bankruptcy estate, i.e., rent income from the real estate assets of the estate, concealed, removed and transferred such property because he knowingly and willfully failed to turnover such property over to Plaintiff trustee in knowing and willful disobedience of the court's turnover order entered on December 11, 2017.  Opposition at 8-11 and Exhibits 1, 4, 5 and 8 attached thereto.  At the hearing on Plaintiff trustee's motion for turnover on November 28, 2018, the court specifically warned counsel for Defendant that Defendant had better turn over the postpetition rents and account for them to Plaintiff trustee within 60 days, and despite the court's oral rulings and its written order, Defendant never did so. *Id*.

///

///

///

1  There is no meritorious defense to Defendant's concealment, removal and transfer of
2  the post-petition rents, which behavior continued after the hearing on the motion for
3  turnover and entry of the court's turnover order and which really demonstrates
4  Defendant's contempt of the court's turnover order.
5      IT IS SO ORDERED.    ###

25  Date: November 8, 2018

                                                               Robert Kwan
26                                                           United States Bankruptcy Judge

ATTACHMENT – TENTATIVE RULING ON THE MOTION

Deny defendant's motion to set aside default judgment for the reasons stated in the opposing papers. As shown in the opposing papers, plaintiff will be prejudiced by further delay in administration of the estate if he has to litigate the adversary proceeding where there is no defense to the claim asserted in the complaint, namely, defendant willfully removed and concealed property of the estate, namely postpetition rents on the estate's real property, especially in the light of the court's turnover over in December 2017, defendant lacks a meritorious defense to the claim in the complaint since he failed to turnover the postpetition rents as he was required to do under the Bankruptcy Code and the court's turnover order and defendant's culpable conduct led to his default that he failed to timely respond to the complaint after the last extension to respond expired. Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). Appearances are required on 10/23/18, but counsel may appear by telephone.